IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PAMELA POKROPINSKI and ADAM POKROPINSKI, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Cause No. 2:25-CV-133-PPS-AZ ) ) |
| FARMERS DIRECT PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## **OPINION AND ORDER**

Plaintiffs Pamela and Adam Pokropinski (the "Pokropinskis") filed a first amended complaint alleging two causes of action against their insurance company, Farmers Direct Property and Casualty Insurance Company ("Farmers") - breach of contract and bad faith/breach of the covenant of good faith.  While the allegations in the complaint are definitely on the sparse side, Plaintiffs have pleaded these causes of action with enough specificity to withstand this motion to dismiss.  Therefore, Defendant's motion to dismiss pursuant to Rule 8(a) and 12(b)(6) will be denied.

## **Background**

As usual, I will first outline the facts as they are set out in the amended complaint.  The Pokropinskis lived in a house at 10807 Grand Boulevard in Crown Point, Indiana. [DE 6 at 1.] They purchased a homeowner's policy (which is attached to the amended complaint) providing coverage from March 15, 2023 through March 15,

2024. *Id.* The policy allegedly provides coverage for accidental direct physical loss to the residence. [*Id.* at 2.] Plaintiffs paid the policy premiums and the policy remained in force throughout the duration of the term and was renewed thereafter. *Id.*

The Pokropinskis allege that "[o]n or about June 24, 2023, Plaintiffs' Residence sustained damage from an accidental, direct physical loss from a windstorm, which included a tree and branches falling on the top of the home and septic tank." *Id.* So, they reported the claim to their insurance agent. *Id.* Farmers received timely notice of the damage claim and assigned it Claim Number HM034494-1, with a date of loss of June 24, 2023. *Id.* Shortly thereafter, Plaintiffs discovered damage to their septic system, and reported the same to their agent. *Id.* Their agent directed them to file a second claim for the damaged septic system, which they did, and that claim was assigned Claim Number HM029811, with a date of loss of July 1, 2023. The amended complaint alleges that even though there were two claims, the damage to the home and septic system were both caused by the same windstorm and falling tree/branches, and were part of the same loss and claim. *Id.*

Plaintiffs allege the damages "made the home uninhabitable for an extended period of time, but Defendant refused to provide Plaintiffs with additional living expense benefits while their home was uninhabitable." [*Id.* at 2-3.] Ultimately, Plaintiffs claim despite clearly being entitled to coverage benefits under the policy, Farmers "has wrongly delayed and refused to pay Plaintiffs the proceeds due thereunder." [*Id.* at 3.]

Specifically, under Count I for breach of contract, the amended complaint alleges that Farmers breached its contract with Plaintiffs by: misrepresenting the terms and conditions of coverage; failing and refusing to pay for the "actual cash value" or "repair cost" for Plaintiffs' damaged property; misrepresenting Defendant's policies regarding payment of coverages; failing and refusing to allow Plaintiffs to make a claim for "repair cost" coverage; unreasonably delaying the handling of the claim; intentionally misleading and/or deceiving Plaintiffs; failing and/or refusing to properly inspect, estimate and/or investigate the loss; and failing to exercise good faith and fair dealing in handling the claim. [*Id.* at 3-4.]

Under Count II for bad faith/breach of the covenant of good faith, Plaintiffs allege: Farmers made an unfounded refusal to pay the policy proceeds; they caused unfounded delay in making payment; they misrepresented pertinent facts and insurance policy provisions; they attempted to exercise unfair advantage to pressure Plaintiffs to settle their claim; they unreasonably delayed handling of the claim; they failed to engage in a good faith settlement of the claim after liability became reasonably clear; and they compelled Plaintiffs to institute this litigation by intentionally and improperly delaying a decision. [*Id.* at 5-6.]

Plaintiffs request as relief compensatory and consequential damages, punitive damages, pre-judgement and post-judgment interest, as well as attorney fees and costs. [*Id.* at 4-6.]

Farmers has moved to dismiss the amended complaint in its entirety, claiming

3

there is "only a bare recital of the elements of two causes of action, unadorned by nearly any pertinent factual content," and criticizing the lack of particulars regarding the damages. [DE 7 at 1.]

## Discussion

Under Federal Rule of Civil Procedure 8(a), the Pokropinskis' complaint is required to contain "a short and plain statement showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). At this stage, I accept the complaint's allegations as true and draw all reasonable inferences in Plaintiffs' favor. *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1006 (7th Cir. 2021). However, to avoid dismissal under Rule 12(b)(6), a claim for relief must be "plausible on its face." *Proft v. Raoul*, 944 F.3d 686, 690 (7th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility requires a plaintiff to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Taha v. Int'l Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Seventh Circuit has explained that a plaintiff must plead facts that "suggest a right to relief that is beyond the speculative level," which requires alleging "enough details about the subject-matter of the case to present a story that holds together." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019); *Swanson v. Citibank, N.A.*, 614 F.3d

4

400, 404 (7th Cir. 2010).  "[S]heer speculation, bald assertions, and unsupported conclusory statements" in the complaint fail to meet this burden.  *Taha*, 947 F.3d at 469.

The essential elements of a breach of contract action under Indiana law are "the existence of a contract, the defendant's breach thereof, and damages." *Potts v. Transamerica Life Ins. Co.*, No. 4:23-cv-24-TLS, 2025 WL 2105679, at *10 (N.D. Ind. July 28, 2025) (quoting *Berg v. Berg*, 170 N.E.3d 224, 231 (Ind. 2021)).  "Insurance policies are contracts 'subject to the same rules of judicial construction as other contracts.'" *Id.* (quoting *Erie Indem. Co. v. Est. of Harris*, 99 N.E.3d 625, 630 (Ind. 2018)).  Here, Plaintiffs absolutely set forth the existence of a contract (and attached it to the amended complaint), they allege how Farmers breached the insurance contract (by failing to timely pay the full benefits allegedly owed under the insurance policy after Plaintiffs' home was damaged during a storm), and that compensatory and punitive damages are due as a result (due to Plaintiffs' lost use of their property and failure to receive payment in full of the damages to their property).

In this case, Plaintiffs' breach of contract claim is very straightforward.  It is well-established that the amount of factual allegations required to state a plausible claim for relief under *Twombly* and *Iqbal* depends on the complexity of the case.  *See Adams v. City of Indianapolis*, 742 F.3d 720, 733 (7th Cir. 2014) (noting the required level of factual specificity rises with the complexity of the claim); *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008).  This sounds like it is a run-of-the mill insurance coverage dispute case, and additional details are not necessary at this stage.

5

*See Erickson* v. Pardus, 551 U.S. 89, (2007) ("[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."). Here, the complaint "allege[s] enough details about the subject-matter of the case to present a story that holds together." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021). As acknowledged by the Seventh Circuit, a complaint "need not supply the specifics required at the summary-judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021). Plaintiffs are "not required to plead in [their] complaint the precise damages theory on which [they] will ultimately rely or the precise amount of damages [they] suffered." *Ulrich v. Probalance, Inc.*, No. 16 C 10488, 2017 WL 3581183, at * 9 (N.D. Ill .Aug. 18, 2017). Discovery will undoubtedly shed more light on the details of this case.

Similarly, Plaintiffs have properly pleaded a claim for bad faith against Farmers. Indiana law recognizes four specific duties an insurer owes an insured: (1) to refrain from an unfounded refusal to pay policy proceeds; (2) to refrain from unfounded delay in payment; (3) to avoid deceiving the insured; and (4) to avoid exercising any unfair advantage to pressure the insured into settling a claim. *Monroe Guar. Ins. v. Magwerks Corp.*, 829 N.E.2d 968, 976 (Ind. 2005). The amended complaint alleges that because of the loss, the house was uninhabitable for an extended amount of time and Farmers refused to provide Plaintiffs with additional living expense when they couldn't live in the home, as well as that Farmers wrongfully delayed and refused to pay them the proceeds under the policy. [DE 6 at 5-6.] The amended complaint also specifically

6

alleges that Farmers misrepresented facts and its policies regarding coverage, unreasonably delayed in making payment, and failed in good faith to effectuate prompt, fair, and equitable settlements. *Id.* At this stage of the litigation, this is sufficient. As I said relating to the claim for breach of contract, I'm sure discovery will elucidate the specifics of this claim. But right now, Plaintiffs have provided enough detail in the amended complaint to withstand a motion to dismiss.

## Conclusion

For all of the above-mentioned reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint [DE 7] is DENIED.

**SO ORDERED**.

ENTERED: August 6, 2025

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT